NTAMANAKIS et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4336.   Decided May 12, 1926.   (246 P. 706)

1.  MASTER AND SERVANT—ON INDUSTRIAL COMMISSION'S FINDING OF NO DEPENDENCY, BURDEN IS ON CLAIMANT TO ESTABLISH DEPENDENCY SO CONCLUSIVELY THAT MANDAMUS TO ENFORCE RIGHT WOULD BE SUSTAINED. Where Industrial Commission has denied compensation upon finding of no dependency, burden is upon claimant seeking review of order to establish such dependency so

conclusively that proceeding in mandamus to enforce right would be sustained.[1]

2. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S FINDING OF NO DEPENDENCY ON EVIDENCE IS CONCLUSIVE. Supreme Court is powerless to annul award of Industrial Commission denying compensation upon finding of no dependency, unless evidence is so conclusive as to establish dependency as matter of law.

3. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S FINDING OF NO DEPENDENCY HELD CONCLUSIVE. In compensation proceeding, evidence of dependency which was vague and somewhat contradictory *held* not so conclusive on fact of dependency as to warrant annulling order denying compensation upon finding by Industrial Commission of no dependency.

4. MASTER AND SERVANT. Findings of Industrial Commission on questions of fact are conclusive on Supreme Court.

Application by Christ Ntamanakis and others to review an order of the Industrial Commission denying compensation for the death of Mike Ntamanakis while employed by the Utah Fuel Company.

ORDER AFFIRMED.

*James H. Wolfe,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant Industrial Commission.

*Ferdinand Erickson,* of Salt Lake City, for defendant Fuel Co.

THURMAN, J.

This is a proceeding under the Utah Industrial Act to review an award made by the Industrial Commission.

---

[1] *Konstantinos Kavalinakis* v. *Ind. Comm.* (Utah) 246 P. 698.

Corpus Juris-Cyc. References:

[1]  Workmen's Compensation Acts C. J. p. 120 n. 15 New.

[2]  Workmen's Compensation Acts C. J. p. 123 n. 42 New.

[3]  Workmen's Compensation Acts C. J. p. 122 n. 40.

[4]  Workmen's Compensation Acts C. J. p. 122 n. 39.

Mike Ntamanakis, an employee of the Utah Fuel Company, was accidentally killed in a mine explosion at Castle Gate, Utah, in the course of his employment on March 8, 1924. The applicants above named, father and stepmother of deceased claiming to be his dependents, by their attorney in fact, Panagiotis Tsismenakis, make seasonable application for compensation. A hearing was had thereon at which all parties in interest were duly represented. It appearing necessary to take the deposition of applicant Christ Ntamanakis, deceased's father, who resided in Greece, stipulations for that purpose were entered into by the parties. Interrogatories and cross-interrogatories were prepared and a commission issued authorizing the deposition to be taken before the American Consul at Athens, Greece. On the return of the deposition, a further hearing was had, witnesses were sworn and testified, documentary evidence received, and stipulations entered into, from all of which the commission found the facts hereinbefore stated, and the further facts that the Utah Fuel Company was a self-insurer and that the deceased at the time of his death was being paid a wage sufficient to entitle any one dependent upon him for support to the maximum compensation allowed by law. The commission further found that deceased left no dependents, and therefore denied the application. Motion for a rehearing was denied.

It is contended by counsel for applicants that under the uncontradicted evidence the applicants were dependent upon the deceased and as matter of law entitled to compensation. To maintain such contention, the burden was upon them to establish such dependency so conclusively that a proceeding in mandamus to enforce the right would be sustained. *Konstantinos Kavalinakis* v. *Ind. Comm.*, et al., 246 P. 698, decided during the present term of court and not yet [officially] reported. In assuming that the uncontradicted evidence establishes dependency as matter of law, counsel also assumes that the deposition of applicant is consistent in its entirety, is definite and certain, and contains

no conflict or discrepancy. This contention challenges brief consideration, by way of comparison, of two or three statements appearing in the deposition. In response to an interrogatory as to whether he received money from the deceased, and if so how much, he answered that he received from $350 to $400 annually. In response to interrogatories as to how much he received during the 12 months next preceding the death of deceased, he mentioned several amounts aggregating the sum of $259. Finally, in response to a question as to how this amount compared with the amounts annually received, he answered, in effect, that the amount was unusual because money had been sent for the emigration of deceased's sister to America. If by his answer to the last question applicant meant that the $259 received during the last 12 months was unusually large on account of money being sent to emigrate deceased's sister, what becomes of his answer to the first question, in which he stated that the usual amount received annually from deceased was from $350 to $400? How can the two answers be reconciled, and is the evidence at all conclusive that any of the money was sent by deceased for the appellant's support? A letter written by deceased to his father of date January 2, 1923, instead of clarifying the situation, only adds to the confusion. In that letter the deceased says:

"You write to me that you bought the property from Emmanuel Karlakis and you want me to send you the money. Well I will send you the money so you do not need to worry about that, but you must make the papers in my name."

Nothing is said as to what the property was purchased for, but the material point is that here is an additional sum of money, indefinite in amount, presumably sent during the last 12 months of deceased's life, which must have constituted a part of the $259. So that if a portion of the $259 was sent to emigrate his sister and another portion was sent to purchase property for himself, the question again arises: How much, if any, of the $259 was sent for applicant's support?

Certiorari

The questions and answers above referred to are the principal features of the deposition going directly to the question of dependency. There is nothing elsewhere in the deposition that in any manner aids the court in reconciling the discrepancies to which we have referred. It is possible, if the commission had found that applicants were dependents and made an award allowing compensation, this court might feel compelled to affirm the award, because that would be our bounden duty if there was any substantial evidence to sustain it; but such is not the situation of the instant case. In this case the commission having found no dependency, and for that reason having denied compensation, the court is powerless to annul the award unless the evidence is so conclusive as to establish dependency as matter of law.

From what has been said it is manifest that the evidence in the case at bar is not conclusive in favor of dependency or of compensation for any sum whatever.

The findings and conclusions of the commission on questions of fact are conclusive and final and not subject to review. The only justification the writer has for reviewing any portion of the evidence is the contention of counsel for the appellants to the effect that the deposition of the applicant is conclusive on the question of dependency, and that the commission arbitrarily and capriciously disregarded it because it was not corroborated by other evidence. It is quite conclusive to the mind of the court that the commission in the instant case did not act arbitrarily or capriciously in denying compensation; nor did it act in excess of its jurisdiction.

The award is affirmed.

GIDEON, C. J., and FRICK and CHERRY, JJ., concur.

STRAUP, J. concurs in result.